**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL WAYNE BRADFORD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 2:25-cv-02873-BCL-atc** |
| ) | |
| **STATE OF TENNESSEE** ) | |
| ) | |
| **Defendant.** ) | |

**REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL AND
ORDER DENYING PENDING MOTION**

On September 15, 2025, Plaintiff Michael Wayne Bradford filed a *pro se* Complaint

against Defendant State of Tennessee (ECF No. 2), as well as a motion to proceed *in forma*

*pauperis* (ECF No. 3), which was subsequently granted (ECF No. 9).[1]  Pursuant to

Administrative Order No. 2013-05, this case has been referred to the United States Magistrate

Judge for management and for all pretrial matters for determination and/or report and

recommendation as appropriate.

---

[1] On October 31, 2025, Bradford also filed various documents that he characterizes as an
"attachment" to the Complaint.  (ECF No. 10.)  The Court has considered them for purposes of
this Report and Recommendation.  *See Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-
cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d
493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim
is appropriate, the Court may consider the complaint and attached exhibits, as well as any public
records, so long as they are referred to in the complaint and are central to the claims contained
therein.").

For the following reasons, it is recommended that this case be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction and failure to state a claim.  The Court denies Bradford's pending motion to appoint counsel.  (ECF No. 4.)

## REPORT AND RECOMMENDATION

### I.    Proposed Findings of Fact

In the Complaint, Bradford brings one claim—under 42 U.S.C. § 1983—against one defendant—the State of Tennessee.  (*See* ECF No. 2.)  Bradford's allegations in his Complaint and its attachments—consisting of various hand-written notes, a polygraph examination report, reports from the Memphis Police Department ("MPD"), a general sessions civil warrant, and a copy of Bradford's birth certificate—are extremely vague, nebulous, and difficult to parse.  (*See generally* ECF Nos. 2, 2-1, 10.)  But he appears to allege a wide-ranging conspiracy by the federal government, various of his family members, other private actors, and possibly the MPD involving alleged "human experiment[ation]" on Bradford's mother while she was pregnant with him, the implantation of a device in his head that remotely controls his actions, multiple instances of sexual assault, and "torture[]" over the course of his life.[2]  (ECF No. 2-1, at 1–5.)  Notably, Bradford does not bring any claims against these alleged co-conspirators, and none of Bradford's allegations involve actions or misconduct that might be attributable to the State of Tennessee.  (*See* ECF Nos. 2, 2-1, 10.)

---

[2] Bradford previously filed a case in the Western District of Tennessee involving an alleged conspiracy to implant a mind-control device in his head.  *See Bradford v. Cent. Intel. Agency*, No. 23-cv-2316-JTF-tmp, 2023 WL 4112778, at *1 (W.D. Tenn. May 31, 2023), *report and recommendation adopted*, 2023 WL 4111401 (W.D. Tenn. June 21, 2023).  That case was dismissed for lack of subject matter jurisdiction as frivolous and for failure to state a claim.  *Id.* at *2.  Due to the nature of Bradford's allegations in his earlier case and the instant case, the undersigned cannot determine if his allegations overlap in whole or in part.  To the extent his cases do overlap, Bradford's claim in this case may be barred by *res judicata*.

II.      **Proposed Conclusions of Law**

A.      28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  This Report and Recommendation constitutes the Court's screening.

B.      Standards of Review

1.      *Subject Matter Jurisdiction*

As part of the § 1915(e) screening process, the Court must determine whether Bradford has pled a basis for federal subject matter jurisdiction.  *See, e.g.*, *Maney v. Kreulen*, No. 3:24-cv-01132, 2024 WL 4871731, at *2 (M.D. Tenn. Nov. 24, 2024) (dismissing the case during the § 1915(e) screening process for lack of subject matter jurisdiction as frivolous); *Buckley v. Tennessee*, No. 1:22-cv-1252-JDB-jay, 2023 WL 4554546, at *2 (W.D. Tenn. June 22, 2023), *report and recommendation adopted*, 2023 WL 4550932 (W.D. Tenn. July 14, 2023) (dismissing the case during the § 1915(e) screening process for lack of subject matter jurisdiction based on the state's sovereign immunity).  "A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject-matter jurisdiction."  *Nesselrode v. Sec'y of U.S. Dep't of Educ.*, No. 17-4206, 2018 WL 6975166, at *2 (6th Cir. June 18, 2018).  "*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed."  *Woodson*

3

*v. Woodson*, No. 2:22-mc-00003-TLP-tmp, 2022 WL 16985602, at *2 (W.D. Tenn. Feb. 18, 2022), *report and recommendation adopted*, 2022 WL 16963997 (W.D. Tenn. Nov. 16, 2022) (citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).  "Even so, *pro* se litigants must adhere to the Federal Rules of Civil Procedure, . . . and the court cannot create a claim that has not been spelled out in a pleading."  *Id.* (citations omitted).

"A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Id.* (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).  "A complaint can be frivolous either factually or legally."  *Eshleman v. Chester Cnty.*, No. 1:15-cv-1106-JDT-egb, 2015 WL 13744665, at *2 (W.D. Tenn. Nov. 17, 2015), *report and recommendation adopted*, 2016 WL 843390 (W.D. Tenn. Mar. 1, 2016) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke*, 490 U.S. at 325.  "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted."  *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) (citing *Neitzke*, 490 U.S. at 328–29).  "Statutes allowing a complaint to be dismissed as frivolous give 'judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  *Id.* at 471 (quoting *Neitzke*, 490 U.S. at 327).

"Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept 'fantastic or delusional' factual allegations as

4

true." *Id.* at 471 (citing *Iqbal*, 556 U.S. at 678–79; quoting *Neitzke*, 490 U.S. at 327–28); *see also Huey v. Raymond*, 53 F. App'x 329, 331 (6th Cir. 2002) ("[T]he district court [is] given discretion to refuse to accept without question the truth of plaintiff's allegations that are 'clearly baseless,' a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational." (quoting *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992))); *Denton*, 504 U.S. at 33 ("[T]he district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category. Indeed, [§ 1915(e)'s] instruction that an action may be dismissed if the court is 'satisfied' that it is frivolous indicates that frivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition." (quoting *Neitzke*, 490 U.S. at 328)).

2.    *Failure to State a Claim*

To determine whether an individual has stated a claim for which relief may be granted, the Court applies the standards under Rule 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the

5

assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel."  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to pro se complaints, "however inartfully pleaded").  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants.  Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).  "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Shelby v.*

6

*Greystar Mgmt. Servs.*, L.P., No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

    C.    <u>Sovereign Immunity</u>

Bradford's § 1983 claim against the State of Tennessee is meritless.  The Eleventh Amendment bars actions against states and state officers acting in their official capacity "unless they consent to be sued or Congress, pursuant to a valid exercise of its power, unequivocally expresses its intent to abrogate sovereign immunity."  *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 863 (6th Cir. 2024) (quoting *Ashford v. Univ. of Mich.*, 89 F.4th 960, 969 (6th Cir. 2024)). Neither exception applies here, as "Tennessee has not waived its sovereign immunity" with respect to Bradford's claims, and Congress has not abrogated its sovereign immunity, as "a state is not a person under 42 U.S.C. § 1983."  *Ingle v. Shelby Cnty.*, No. 2:19-cv-02080-TLP-tmp, 2019 WL 5684518, at *3 (W.D. Tenn. Nov. 1, 2019) (citing Tenn. Code Ann. § 20-13-102(a); *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Furthermore, "[s]overeign immunity precludes suits against states and their entities or officers for monetary damages or retrospective relief but permits claims for prospective relief when brought against state officers in their official capacity."  *Ashford*, 89 F.4th at 969 (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908); *Edelman v. Jordan*, 415 U.S. 651, 668 (1974)). Notably, the *Ex parte Young* exception applies only against state officers and has "no application in suits against the States and their agencies, which are barred regardless of the relief sought. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993).  Thus, the *Ex parte Young* exception is inapplicable here, as Bradford has named only the State of Tennessee as a defendant, and not a state officer.  Even if he had, and though Bradford vaguely

7

asserts that he wants the Court to "get the people responsible for still breaking the law against me" (ECF No. 2, at 3), the Complaint and its attachments appear to seek only monetary damages and retrospective relief (*see* ECF Nos. 2, 2-1, 10) and are thus barred by Eleventh Amendment sovereign immunity. As a result, this case should be dismissed for lack of subject matter jurisdiction.

### D.    Sufficiency of Allegations

Bradford has also failed to state any plausible claim against the State of Tennessee, the sole named defendant in this case. None of his submissions contain any factual allegations that might be attributable to the State (*see* ECF Nos. 2, 2-1, 10), and this case should be dismissed for failure to state a claim.

### E.    Subject Matter Jurisdiction

As best as the Court can determine, Bradford alleges a wide-ranging conspiracy by the federal government, various of his family members, other private actors, and possibly the MPD involving alleged "human experiment[ation]" on Bradford's mother while she was pregnant with him, the implantation of a device in his head that remotely controls his actions, multiple instances of sexual assault, and "torture[]" over the course of his life. (ECF No. 2-1, at 1–5.) Even if Bradford's allegations could be fairly attributable to the State of Tennessee, or even if Bradford had named these alleged co-conspirators as defendants, courts in the Sixth Circuit uniformly find these kinds of claims to be frivolous and dismiss them out of hand for lack of subject matter jurisdiction during the § 1915(e) screening process. *See, e.g.*, *Burnes v. Clinton*, 238 F.3d 419, at *1 (6th Cir. 2000) (unpublished table decision) (affirming dismissal of the case as frivolous when the plaintiff alleged that "[t]hat the named defendants were subjecting her to electronic surveillance, mind-reading, and remote torture"); *Huey*, 53 F. App'x at 330 (affirming

8

dismissal of the case as frivolous when the plaintiff alleged that the defendants, among other things, poisoned his food, stuck him with needles, and otherwise vaguely conspired against him because such allegations were "fantastic or delusional scenarios"); *Martin v. Kazulkina*, No. 12-cv-14286, 2017 WL 971706, at *16 (E.D. Mich. Feb. 21, 2017) (collecting cases for the proposition that courts routinely dismiss for lack of subject matter jurisdiction cases involving allegations of "mind control devices and chip implants" and similar fantastical allegations of conspiratorial remote surveillance because they are "so obviously frivolous that even a layman can identify them and discard them"); *Corwin v. CIA*, No. 22-cv-12694, 2023 WL 12176998, at *1 (E.D. Mich. Apr. 21, 2023) ("Plaintiff's complaint consists of vague and incoherent allegations of psychotronic and mind control weapons 'used' to threaten and torture him.  Even with a liberal reading of the allegations in plaintiff's complaint, the Court is unable to discern any claims with a rational or arguable basis in law.  Plaintiff's claims are fantastic and delusional, totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."); *Lawson v. City of Youngstown*, No. 4:16-cv-1057, 2016 WL 2868715, at *2 (N.D. Ohio May 17, 2016) (dismissing the case during the §1915(e) screening process for lack of subject matter jurisdiction because "plaintiff's fact allegations of secret monitoring and tracking are conclusory, frivolous, and fanciful") (collecting cases); *Walker v. City of Memphis*, No. 2:15-cv-2340-JDT-tmp, 2015 WL 3852846, at *3 (W.D. Tenn. May 28, 2015), *report and recommendation adopted*, 2015 WL 3851994 (W.D. Tenn. June 22, 2015) (dismissing the case during the §1915(e) screening process for lack of subject matter jurisdiction because "[the] complaint presents a rambling narrative of events spanning multiple decades, containing implausible and frivolous allegations" such as "that unknown police officers forced a 'Control Monitor' on him in order to read his mind" and "that television and radio stations use the

9

'Control Monitor' to talk back to him") (collecting cases); *Phillips v. Biden*, No. 2:22-cv-61, 2022 WL 2309148, at \*2 (E.D. Tenn. June 9, 2022), *report and recommendation adopted*, 2022 WL 2307614 (E.D. Tenn. June 27, 2022) (collecting cases for the proposition that allegations that "the government was tracking brain waves and had subjected [the plaintiff] to mind manipulation and torture" and that "the Government was relying on technology, including sub-cutaneous nano-sensors to surveille" should be dismissed out of hand as frivolous); *Shephard v. Dep't of Veterans Affs.*, No. 1:21-cv-1012, 2022 WL 21295049, at \*3 (W.D. Mich. Jan. 24, 2022) ("Plaintiff's claims in her complaint are nowhere near the realm of possible. Allegations such as mind reading . . . and transmitting messages to Plaintiff's brain all due to implanted microchips throughout Plaintiff's body are not even theoretically possible . . . . Because Plaintiff's complaint contains nothing but totally implausible and frivolous allegations, the Court must dismiss this matter for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).").

The Court thus lacks subject matter jurisdiction to consider Bradford's claims. "While the Court assumes that Plaintiff earnestly believes that he is the victim of the harmful conduct he alleges, those allegations are not plausible. Therefore the Court need not accept them as true even if Plaintiff fervently believes they are. The Complaint here echoes claims in other cases dismissed as implausible, frivolous, and devoid of merit." *Crouse v. City of Murray, Ky.*, No. 5:24-cv-120-BJB, 2024 WL 3857333, at \*2 (W.D. Ky. Aug. 16, 2024) (collecting cases dismissing the plaintiff's claims for lack of subject matter jurisdiction as frivolous when they involved allegations of conspiratorial remote surveillance, mind control, torture, sexual assault, and the like). This case—premised entirely on Bradford's frivolous allegations that have no basis in fact or in law—should be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for lack of subject matter jurisdiction.

10

**III.    Recommendation**

For the foregoing reasons, the Court recommends that this case be dismissed *sua sponte*

for lack of subject matter jurisdiction and failure to state a claim.

<u>**ORDER DENYING MOTION TO APPOINT COUNSEL**</u>

Bradford's motion to appoint counsel contains no argument whatsoever that might justify

relief.  In fact, other than the style of the case, the motion is blank.  (ECF No. 4).  Furthermore,

in light of the recommendation above, Bradford's case has no chance of success, rendering the

appointment of counsel moot.  As a result, the motion is DENIED.

<u>**CONCLUSION**</u>

For the reasons set forth above, it is RECOMMENDED that this case be dismissed for

lack of subject matter jurisdiction and failure to state a claim.  Bradford's motion to appoint

counsel is DENIED.

SO ORDERED this 16th day of June, 2026.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

<u>**NOTICE**</u>

Within fourteen (14) days after being served with a copy of this report and recommendation
disposition, a party may serve and file written objections to the proposed findings and
recommendations.  A party may respond to another party's objections within fourteen (14) days
after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within
fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

11